IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Patricia A. Graham, | ) | C/A No. 3:10-1852-MJP-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| The Columbia College, | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's motion for partial dismissal of the Complaint, seeking dismissal of the Second Cause of Action (Violation of Due Process) and the Fourth Cause of Action (Injunctive Relief) for failure to state a cause of action upon which relief can be granted. (ECF No. 5.) In response the plaintiff filed a document entitled "Stipulation of Dismissal with Prejudice of Plaintiff's Second and Fourth Causes of Action," stating that the plaintiff wishes to dismiss those causes of actions with prejudice and with consent of counsel for the defendant. (ECF No. 13.)

The court observes that the stipulation is not signed by all parties and further that it is questionable whether Federal Rule of Civil Procedure 41(a) is applicable when the parties do not seek dismissal of all of the claims in an action. See Fed. R. Civ. P. 41(a)(1)(A); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2362 at 413-14 (3d ed. 2008) ("[I]t has been held that when multiple claims are filed against a single defendant, Rule 41(a) is applicable only to the voluntary dismissal of all the claims in an action. A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15."). Therefore, the court issues this report and recommendation on the defendant's motion to dismiss pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.

Based on the parties' filings, the court recommends that the defendant's motion to dismiss be granted (ECF No. 5) and that the plaintiff's Second and Fourth Causes of Actions be dismissed with prejudice.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 8, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).